UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KRUSE, INC.,

          **Plaintiff,**

-vs-                              **Case No.  6:07-cv-1367-Orl-19UAM**

AQUA SUN INVESTMENTS, INC.,
GEORGE BARRIS,

          **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1.      Defendant George Barris's Motion to Dismiss (Doc. No. 17, filed Oct. 24, 2007);

2.      Defendant Aqua Sun Investments, Inc.'s Motion to Dismiss Under Rule 12 (Doc. No. 24, filed Oct. 31, 2007);

3.      Defendant Aqua Sun Investments, Inc.'s Motion for Court to Take Judicial Notice (Doc. No. 25, filed Oct. 31, 2007);

4.      Order Converting Defendants Motions to Dismiss into Motions for Summary Judgment (Doc. No. 26, filed Nov. 5, 2007);

5.      Defendant George Barris's Notice of Stipulation by Parties for This Court to Take Judicial Notice of Appendix A, E, F, G, H Under Fed. R. Evid. 201 (Doc. No. 27, filed Nov. 5, 2007);

6.      Plaintiff's Memorandum in Opposition to Defendants' Motions to Dismiss (Doc. No. 29, filed Nov. 26, 2007); and

7.  Defendant George Barris's Notice of Supplemental Authority in Support of Defendant's Motion for Summary Judgment (Doc. No. 32, filed Nov. 29, 2007).

### Background and Procedural History

Plaintiff Kruse, Inc. filed its complaint against Defendants George Barris and Aqua Sun Investments, Inc. on August 29, 2007. (Doc. No. 1).  According to the allegations of the complaint, Kruse and Aqua Sun entered into contracts for Kruse to auction three Hollywood Star Cars built by Defendant Barris and owned by Defendant Aqua Sun.  (*See* Doc. No. 1, ¶ 17, pp. 18-24).  The cars at issue were the Batmobile, Ghostbusters Ambulance, and Dragula.  (Doc. No. 1, pp. 18-24). Plaintiff contends that Defendants Aqua Sun and Barris misrepresented the authenticity of these cars by stating they were originals.  (*See id.* at ¶¶ 11, 20, 41, 44, 45, pp. 18-24).  When the purchasers of the cars realized the cars were not originals as represented, they demanded that Kruse return their money.  (*Id.* at ¶¶ 35, 38).  Kruse demanded that Aqua Sun refund the money, but Aqua Sun refused. (*Id.* at ¶¶ 38).  Kruse ultimately refunded the money to all three purchasers.  (*Id* at ¶¶ 39-40). Kruse's complaint asserts claims against both Defendants for: (1) the entire sum that Kruse refunded to the purchasers of the three automobiles and (2) punitive damages.  (*Id.* at pp. 13, 14).

Both Defendants filed motions to dismiss, challenging the Court's subject matter jurisdiction and arguing that Kruse could not satisfy the amount in controversy requirement for diversity jurisdiction. (Doc. Nos. 17, 24). Additionally, both Defendants raised matters outside the scope of the pleadings and asserted that Kruse's claim is barred by the doctrine of res judicata. (*Id.*)  Finally, both Defendants contend that the statute of limitations for Kruse's claim had already run.  (*Id.*)

On November 5, 2007, the Court issued an order converting Defendants' Motions to Dismiss

into Motions for Summary Judgment and giving Kruse twenty (20) days to respond.  (Doc. No. 26).

Kruse filed a response opposing Defendants' motions.  (Doc. No. 29).

## Jurisdiction

Subject matter jurisdiction must be affirmatively shown in the record before considering the

merits of any case.  *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1247 (11th Cir.

2005).  Under Federal Rule of Civil Procedure 12(b)(1), a party can bring either a facial or a factual

challenge to a court's subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29

(11th Cir. 1990). In a facial challenge, a court assumes all of a plaintiff's allegations are true and

determines whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction.  *Id.* at

1529.  In a factual challenge, a court must determine if it has the power to hear the case. *Id.* A court

is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and

evaluate the merits of the jurisdictional claims.  *Id.*  When jurisdiction is properly challenged, a

plaintiff has the burden of showing jurisdiction exists. *E.g., Save Our Cemeteries, Inc. v.

Archdiocese of New Orleans, Inc.*, 568 F.2d 1074, 1076 (5th Cir. 1978).[1]

In the instant case,  Kruse alleges, and neither Defendant contests, that all three parties are

citizens of different states.  (Doc. No. 1, ¶ 1, Doc. Nos. 17, 24).  However, Defendants introduced

matters outside the pleadings and contend that Kruse cannot establish the requisite amount in

controversy.  (Doc. Nos. 17, 24).  Thus, Defendants present a factual attack on subject matter

jurisdiction. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

---

[1]      In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh
Circuit adopted the decisions of the United States Court of Appeals for the Fifth Circuit that were
handed down prior to October 1, 1981 as binding precedent.

Title 28 U.S.C. Section 1332(a)(1) gives the District Court original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. A claim should only be dismissed for failure to satisfy the amount in controversy requirement if it is apparent to a "legal certainty" that a plaintiff cannot recover more than the jurisdictional amount. *E.g., Federated Mut. Ins. Co. v. McKinnon Motors*, 329 F.3d 805, 807 (11th Cir. 2003).

Kruse seeks recovery of all of the money it refunded to the purchasers of the three automobiles. (Doc. No. 1, pp. 13, 14). Kruse has introduced evidence that it paid $189,750.00 to refund the purchase price of the Batmobile. (Doc. No. 29, p. 111, ¶ 9). Therefore, Kruse has established the requisite amount in controversy for subject matter jurisdiction.

## Standard of Review

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is only appropriate when the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. The moving party has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston*

-4-

*v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993).  If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment.  *Id.*

**Analysis**

## I.       Defendants' Motions for Summary Judgment Based on *Res Judicata*

The doctrine of *res judicata* bars a party from relitigating a claim if the claim was previously litigated and decided in a different court.  *See Casines v. Murchek,* 766 F.2d 1494, 1498-99 (11th Cir. 1985).  In a diversity action, the Court must apply state law to determine the *res judicata* effect of a previous state court judgment.  *Id.* at 1498.

Under the doctrine of *res judicata,* "a judgment on the merits of a controversy is conclusive as to the parties and their privies and will bar a subsequent action between the same parties on the same cause of action."  *Youngblood v. Taylor,* 89 So.2d 503, 505 (Fla. 1956).  The doctrine not only bars relitigation of all claims actually brought but also of all claims that potentially could have been brought.  *Id.*  However, *res judicata* does not bar claims based upon "rights which were not in existence and which could not have been litigated at the time the prior judgment was entered."  *Wagner v. Baron*, 64 So.2d 267, 268 (Fla. 1953).

In order to apply *res judicata*, there must be: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions, and (4) identity of the quality or capacity of the person for or against whom the claim is made.  *ICC Chem. v. Freeman*, 640 So. 2d 92, 93 (Fla. 3d DCA 1994).  The first two prongs of the *res judicata* inquiry are often considered together because "[i]f the claim or cause of action is substantially the same in both actions, it is not material that the relief demanded is in some manner different."  *Russell v. A & L*

*Dev., Inc.,* 273 So. 2d 439, 440 (Fla. 3d DCA 1973); *see also e.g., Donahue v. Davis*, 68 So. 2d 163,

169 (Fla. 1963) (considering first two prongs together); *Seaboard Coast Line R.R. Co. v. Indus.*

*Contracting Co.*, 260 So. 2d at 864 (same).   Two causes of action are considered identical for the

purposes of *res judicata* if the facts and evidence essential to the maintenance of the action are the

same in both actions.  *Youngblood*, 89 So. 2d at 505.

Defendants contend that the doctrine of *res judicata* bars Kruse's suit because Kruse

previously litigated the same matter in the state court. (Doc. Nos. 17, 24).   In 2003, Aqua Sun sued

Kruse in the Seventh Judicial Circuit for the State of Florida for breach of contract and breach of a

promissory note.  (*E.g.,* Doc. No. 17, pp. 19-21).   The case was styled as *Aqua Sun Investments, Inc.,*

*d/b/a Klassix Auto Museum v. Kruse International, Inc.*, Case No: 2003-31733-CICI-32.[2] (*E.g., id.*)

Kruse filed a counterclaim against Aqua Sun for common law indemnity and damages with respect

to the refunds it paid the buyers on all three cars.  (*E.g., id.* at pp. 30-34).   Kruse also filed a third-

party complaint against Defendant Barris seeking indemnity and damages with respect to the sales

of the Batmobile and Ghostbusters Ambulance.  (*E.g.,* Doc. No. 17, pp. 43-49).

A.      **Defendant Barris's Motion for Summary Judgment**

Defendant Barris attaches a copy of a final judgment on Kruse's third-party complaint from

state court and contends that Kruse's current claim is barred by the doctrine of *res judicata*.  (Doc.

No. 17, pp. 9-15).   Kruse's claim against Barris in state court sought damages and indemnity with

respect to the sale of the Batmobile and Ghostbusters Ambulance at an auction on April 26, 2003.

---

[2]      Pursuant to Federal Rule of Evidence 201, the Court is taking judicial notice of the state case and its docket entries. The Court is taking judicial notice of all documents filed in this proceeding but not of the facts contained in those documents. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).   The Court will limit its consideration to the documents submitted as evidence in the record.

(Doc. No. 17, pp. 43-49, ¶¶ 3-4, 11, 31-33). The third-party complaint alleges that Barris misrepresented the authenticity of both cars. (Doc. No. 17, p. 43-49). After it was determined that the vehicles were not authentic, Kruse refunded the entire purchase price of the Batmobile and granted the purchaser of the Ghostbusters Ambulance a reduced price on the sale of another car. (*Id.* at ¶¶ 27, 48).

Both the federal and state cases involve claims by Kruse against Barris in their individual capacities. (*Compare* Doc. No. 1 *with* Doc. No. 17, pp. 43-49). Thus, the third and fourth elements of *res judicata* are satisfied. The factual allegations and relief sought in Kruse's state court complaint against Barris are substantially similar to the allegations with respect to the Batmobile and Ghostbusters Ambulance in the underlying federal Complaint. (*Compare* Doc. No. 1 *with* Doc. No. 17, pp. 43-49). Additionally, much of the evidence cited in the state court judgment is identical to the evidence in the record before the Court. For instance, both of Kruse's claims against Barris arise because of a "Letter Agreement" dated March 5, 2003, which provided the language to be used in the auction catalog. (Doc. No. 17, pp. 9-10; Doc. No. 1, pp. 25-27). Also, both claims attach the same sales contract for the Batmobile. (Doc. No. 17, p. 22, p. 44, ¶ 10; Doc. No. 1, p. 18).

The state court granted final judgment in favor of Barris. (Doc. No. 17, pp. 9-15). The state court held that the Letter Agreement "did not provide Kruse with the basis to describe either the Batmobile or Ghostbusters vehicle as an original. . . " because the agreement only pertained to the vehicles Barris consigned to Kruse, which did not include the Batmobile or Ghostbusters Ambulance. (Doc. No. 17, p. 10). According to the state court:

> The decision to refund the money to the purchasers of the Batmobile and Ghostbusters vehicles was made by Kruse alone, and the evidence shows it was done purely as a business decision to maintain the business relationship with these buyers and was not

based on any established or decided legal obligation related to any misrepresentation
by Barris.

(*Id.* at pp. 11-12).  With respect to Kruse's claim for damages, the state court held there was no

factual or legal basis for Kruse's claim because it "failed to establish by any credible evidence the

amount of any damages allegedly sustained due to Barris' action or inaction at the auction." (*Id.* at

pp. 13, 14). Thus, *res judicata* bars Kruse's contractual claims against Defendant Barris with respect

to the sales of the Batmobile and Ghostbusters Ambulance.

*Res judicata* does not bar claims based upon rights which were not in existence and which

could not have been litigated at the time the prior judgment was entered." *Wagner v. Baron*, 64 So.

2d 267, 268 (Fla. 1953).  Kruse contends that *res judicata* should not apply because the underlying

Complaint asserts a claim for damages based on equitable subrogation, whereas the state complaint

involved a claim for indemnity.  (Doc. No. 29, pp. 3-6).  Kruse settled the claims of the purchasers

of the vehicles and secured unconditional releases from them on behalf of itself, Aqua Sun and Barris.

(Doc. No. 1, pp. 28-31). Kruse argues that a cause of action for equitable subrogation does not arise

until the party seeking subrogation secures a release on behalf of the party whom it seeks to recover

against.[3]  (Doc. No. 29, pp. 3-4).

However, Kruse's argument is without merit because the plain language of the releases

attached to its Complaint indicate that a claim for equitable subrogation is not cognizable.  Each of

the releases Kruse secured from the purchasers is a general release of Kruse, Aqua Sun, and Barris

and "their insurers, successors, assigns, agents, dependents, legal representatives and heirs" for "all

---

[3]        The releases Kruse secured from the purchasers were not signed until after the state
court case commenced. (Doc. No. 1, pp. 28-31); *Aqua Sun Investments, Inc., d/b/a Klassix Auto
Museum v. Kruse International, Inc.*, Case No: 2003-31733-CICI-32, Doc. No. 197.000 (state trial
commenced on May 8, 2007)).

liability" related to the auction "including all damages, losses, costs, interest, attorney's fees, charges and expenses, of every kind, nature and character, now existing or hereafter arising, known or unknown or hereafter becoming known . . . ." (Doc. No. 1, pp. 29, 20, 31). Under Florida law, a general release bars a party's right to pursue a claim for equitable subrogation or any other claim against a different wrongdoer. *See, e.g.*, *Dade County School Bd. v. Radio Station WQBA*, 731 So. 2d 638, 647 (Fla. 1999) ("if the subrogor has no rights or priorities against a specified third party, then the subrogee has nothing to inherit as against that third party."); *Dryden v. Pedemonti*, 910 So.2d 854, 856 (Fla. 5th DCA 2005); *Plumpton v. Continental Acreage Dev. Co., Inc.,* 830 So.2d 208, 210 (Fla. 5th DCA 2002) (general release bars all claims that have accrued prior to its execution); *Hold v. Manzini,* 736 So. 2d 138, (Fla. 3d DCA 1999); *Munson & Assocs., Inc. v. Doctors Mercy Hosp.*, 458 So. 2d 789, 791 (Fla. 5th DCA 1984). Thus, the releases do not grant Kruse any claim to subrogate.

Because the facts and evidence presented in the instant case are substantially similar to that raised in the state case, the Court finds that *res judicata* bars Kruse's contractual and misrepresentation claims against Defendant Barris with respect to the sales of the Batmobile and Ghostbusters Ambulance. However, the Dragula does not appear to have been referenced in the state court case, and there is no evidence indicating that Kruse's claims with respect to the Dragula had accrued at the time the state court case commenced.[4] Therefore, the state court judgment does not provide a basis to apply *res judicata* to Kruse's claims against Defendant Barris with respect to the Dragula.

---

[4] The issue of collateral estoppel is not properly before the Court at this time. *See* Fed. R. Civ. P. 8(c)(1) (listing *res judicata* and estoppel as separate affirmative defenses for a defendant to allege and prove).

**B.      Defendant Aqua Sun's Motion for Summary Judgment**

Aqua Sun's argument with respect to *res judicata* is not well taken.  The state court docket sheet,  Docket Entry 212 dated June 8, 2007,  indicates that Kruse's Counterclaim against Aqua Sun was dismissed with prejudice.  *See Aqua Sun Investments, Inc., d/b/a Klassix Auto Museum v. Kruse International, Inc.*, Case No: 2003-317434-CICI-32, Doc. No. 212.000.  This order is not contained in the record before the Court.  The final judgment submitted into evidence by Aqua Sun was signed on July 3, 2007 and makes no reference to Kruse's counterclaims against Aqua Sun.  (*E.g.* Doc. No. 25-4, pp. 1-3).  Thus, the Court is without sufficient evidence to conclude as a matter of law that *res judicata* bars Kruse's claims with respect to Aqua Sun.

**II.      Defendants' Motions for Summary Judgment Based on the Statute of Limitations**

In a diversity case, federal courts apply state law to determine the applicable statute of limitations. *Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 961-62 (11th Cir. 2001).  Defendants contend that the statute of limitations bars Kruse's claim, because the State of Florida has a four year statute of limitations on tort claims.  (Doc. No. 17, pp. 5-7; Doc. No. 24, pp. 3, 4).  The allegations of Kruse's Complaint do not clearly indicate whether its causes of action are founded in tort or contract. (*See* Doc. No. 1).  Kruse's Complaint references agreements with both Aqua Sun and Barris.  (*E.g., id.* at ¶¶ 10, 17, pp. 19-27).  Kruse's Complaint also alleges that both Defendants intentionally misrepresented the authenticity of the vehicles.  (*E.g., id.* at ¶¶ 11-13, 16, 19-20).  Kruse's response to Defendants' Motions for Summary Judgment contends that the statute of limitations has not expired because the time for filing an equitable subrogation action does not begin to run until the time the subrogee pays the subrogor.  (Doc. No. 29, pp. 6-7).  However, the exhibits attached to Kruse's Complaint show that no such claim can be asserted.  *Supra - Analysis, Part I.*  Therefore, the Court

will analyze Kruse's Complaint as alleging both claims for breach of contract and fraudulent misrepresentation.

The State of Florida has a five year statute of limitations for filing contract claims and a four year statute of limitations for filing tort claims. Fla. Stat. § 95.11. A cause of action accrues "when the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1). For claims founded on fraud, the statute of limitations runs "from the time the facts giving rise to the cause of action were discovered or should have been discovered with due diligence. . . ." Fla. Stat. § 95.031(2)(a); *see also Steinmetz v. G.D. Parker Sod, Inc.*, 673 So. 2d 968, 968 (Fla. 5th DCA 1996) (cause of action for misrepresentation claim accrues when individual learns of alleged misrepresentation).

Kruse filed its Complaint on August 29, 2007. (Doc. No. 1). The consignment agreements between Kruse and Aqua Sun for Kruse to auction the three cars were not signed until March of 2003. (*Id.* at pp. 19-24). The Letter Agreement between Kruse and Defendant Barris which Kruse contends established the authenticity of the three cars was dated March 5, 2003. (*Id.* at pp. 25-27). Therefore, to the extent that Kruse's claims allege a breach of contract, they are not time barred.

However, there is evidence in the record indicating that Kruse learned of the alleged misrepresentation with respect to the authenticity of the Batmobile on or before June 23, 2003. (Doc. No. 29, p. 117 (letter from purchaser's attorney telling Kruse that the Batmobile was not authentic)). The underlying action was not commenced until August 29, 2007. (Doc. No. 1) Thus, the statute of limitations for Kruse to file tort claims with respect to the sale of the Batmobile had already run before the underlying complaint was filed, and Kruse's tort claims on the sale of the Batmobile are time barred.

There is no indication of the specific date on which Kruse discovered the misrepresentations with respect to the sales of the Ghostbusters Ambulance and Dragula.  Without such evidence, the Court cannot to conclude that Kruse's misrepresentation claims with respect to the sale of the Ghostbusters Ambulance and the Dragula are barred by the statute of limitations.

### Conclusion

Based on the foregoing,:

1.      Defendant Barris's Motion for Summary Judgment (Doc. No. 17) is **GRANTED** with respect to Kruse's claims on the sales of the Batmobile and Ghostbusters Ambulance and **DENIED** with respect to Kruse's claim on the sale of the Dragula; and

2.      Defendant Aqua Sun's Motion for Summary Judgment (Doc. No. 24) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January 30, 2008.


PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT




Copies furnished to:

Counsel of Record